# In the United States District Court for the Southern District of Georgia Brunswick Division

KATHRYN STILLWELL DRESSLER,

    Plaintiff,

v.

STATE OF FLORIDA; STATE OF GEORGIA; JUDGE KRISTIN K. KRAMER, Broward County, FL; GENERAL MAGISTRATE ANNETTE SZOROSY, Broward County, FL; JUDGE KEVIN P. TYNAN, Broward County, FL; JUDGE MOTT, Miami-Dade County CV Division; JUDGE CHARLES P. ROSE, McIntosh County, GA; JUDGE MARK HENDRIX, McIntosh County, GA; PAUL GAWOR; ANITA HASSELL; CARLO RICCI; FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES; GEORGIA DIVISION OF FAMILY & CHILDREN SERVICES; MIAMI-DADE POLICE DEPARTMENT/SHERIFF'S OFFICE; MIAMI-DADE FAMILY DIVISION CLERK'S OFFICE; MIAMI-DADE DOMESTIC VIOLENCE DIVISION; MCINTOSH COUNTY SHERIFF'S OFFICE; ALL OTHER INDIVIDUALS ACTING UNDER COLOR OF LAW,

    Defendants.

CV 225-154

## ORDER

This case is before the Court to address whether the convenience of the parties and the interests of justice indicate that this action should proceed in another forum. The Court

provided the parties the opportunity to weigh-in on this issue, dkt. no. 25, and Plaintiff has done so, dkt. nos. 26, 27.

**BACKGROUND**

Plaintiff Kathryn Dressler initiated this civil rights action on December 10, 2025.  Dkt. No. 1.  In the complaint, Plaintiff generally alleges violations of federal law by entities and individuals, including judges, who played a role in an underlying child custody case during which a Florida court ordered that Plaintiff's daughter, A.G., who was with Plaintiff in McIntosh County, Georgia, be returned to her father, Paul Gawor, in Miami, Florida.  See generally id.

According to Plaintiff, "[t]his matter squarely concerns unlawful state action, abuse of judicial power, fabrication of proceedings, denial of due process, and active endangerment of a minor child and a disabled domestic violence survivor."  Dkt. No. 1 at 6.  To begin, Plaintiff alleges Gawor committed domestic violence against her in the presence of A.G. in Broward County, Florida, in 2022.  Id. at 12.  Plaintiff alleges protective orders were issued against Gawor, and his custodial rights of A.G. were never restored.  Id. at 13.  At some point, Gawor initiated what appears to be a child custody matter against Plaintiff with the Miami-Dade Family Division in Miami, Florida.  See id. at 17, 31.  In January 2025, Plaintiff purchased a house in McIntosh County, Georgia.  Id. at 8.  In

2

May 2025, a court in Broward County, Florida, ordered that A.G. be removed from Plaintiff's Georgia home and returned to Gawor in Miami, Florida.  See id. at 13, 20.  Plaintiff alleges a Georgia court approved the enforcement order without a hearing. Id. at 26.  On May 27, 2025, the "pick up" order was enforced by the McIntosh County, Georgia, Sheriff's Office, and A.G. was removed from Plaintiff's home.  Id. at 23.  In December 2025, the Miami-Dade Domestic Violence Division denied Plaintiff's motion for emergency relief wherein she requested the return of her daughter.  Id. at 34, 35.

Now Plaintiff brings this civil rights action in the Southern District of Georgia, Brunswick Division, alleging violations of 42 U.S.C. § 1983, the Americans with Disabilities Act, the Violence Against Women Act, the Child Abuse Prevention and Treatment Act, the Parental Kidnapping Prevention Act, the Family Educational Rights and Privacy Act, the Uniform Child Custody Jurisdiction and Enforcement Act, and the First, Fourth and Fourteenth Amendments to the U.S. Constitution.  See id. The cast of Defendants include: the State of Florida; Broward County, Florida, Judges Kristin Kanner, Annette Szorosy, and Kevin Tynan; Miami-Dade County Domestic Violence Division Judge Mott; the Florida Department of Children and Families; the Miami-Dade Police Department/Sheriff's Office; the Miami-Dade Family Division Clerk's Office; the Miami-Dade Domestic Violence

3

Division; and A.G.'s father, Paul Gawor (the "Florida Defendants"); the State of Georgia; McIntosh County, Georgia, Judges Charles Rose and Mark Hendrix; the Georgia Division of Family and Children Services; and the McIntosh County Sheriff's Office (the "Georgia Defendants"); and, finally, Anita Hassell and Carlo Ricci, neither of whom Plaintiff identifies in the complaint. Plaintiff seeks declaratory relief, injunctive relief, a writ of mandamus, a writ of prohibition, certiorari, compensatory and punitive damages, fees and costs.

On January 29, 2026, the Court noted the locus of operative facts in this case is the Southern District of Florida, and the Court ordered the parties to submit briefing on the issue of forum non conveniens. Dkt. No. 25. Plaintiff has submitted briefing, arguing that this case should proceed in the Southern District of Georgia. Dkt. Nos. 26, 27.

**LEGAL AUTHORITY**

"There is a long-approved practice of permitting a court to transfer a case sua sponte under the doctrine of forum non conveniens, as codified at 28 U.S.C. § 1404(a)," provided that "the parties are first given the opportunity to present their views on the issue." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and quotations omitted). "'The *forum non conveniens* determination is committed to the sound

4

discretion of the trial court.'"   Id. (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 237 (1981)).

## DISCUSSION

In the complaint, Plaintiff alleges venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because "[a] substantial part of the events occurred in McIntosh County, Georgia, where the illegal seizure, concealment, ADA violations and enforcement actions took place."   Id. at 8; see also 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated.").   However, it is clear to the Court that, for the convenience of the parties and the interests of justice, this action should be transferred to the Southern District of Florida.

When considering whether to transfer venue, the following factors are to be considered:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded to a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Kelling v. Hartford Life & Accident Ins. Co., 961 F. Supp. 2d 1216, 1218 (M.D. Fla. 2013) (quoting Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).  "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."  Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B 1981)).

### I.    Alternative Forum

The locus of operative facts for this case is Broward County, Florida, which lies within the Southern District of Florida, Ft. Lauderdale Division.  Before analyzing the convenience factors of § 1404(a), the Court must first determine whether Plaintiff could have brought this action in the Southern District of Florida, Ft. Lauderdale Division.  "An action 'might have been brought' in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court."  Windmere Corp. v. Remington Prods., Inc., 617 F. Supp. 8, 10 (S.D. Fla. May 31, 1985) (citing 15 C. Wright, A Miller & E. Cooper, Fed. Prac. & Proc. § 3845 (1976)).

First, the Southern District of Florida, just like this Court, has subject matter jurisdiction over this case because it involves questions of federal law.  Second, venue is proper in

6

the Southern District of Florida because the majority of Defendants reside there.  28 U.S.C. § 1391(b)(1); Dkt. No. 1 at 10-11.  Finally, the vast majority of Defendants—the Florida Defendants—are amenable to service of process in the Southern District of Florida.  Whether the Georgia Defendants are amenable to process in the Southern District of Florida is less important because Plaintiff's claims against them fail as a matter of law.  See infra, pp. 9-10.  The Court easily concludes this action could have been brought in the Southern District of Florida, Ft. Lauderdale Division, and will now evaluate the applicable § 1404(a) factors to determine whether transfer of venue is appropriate.

## II.  Convenience Factors

### A. Locus of Operative Facts

"In determining the locus of operative facts, the court must look at 'the site of events from which the claim arises.'" Gubarev v. Buzzfeed, Inc., 253 F. Supp. 3d 1149 (S.D. Fla. 2017) (quoting Nat'l Trust Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co., 223 F. Supp. 3d 1236, 1245 (M.D. Fla. 2016)).  "When there are multiple loci of operative facts, a court should attempt to determine if there is one primary locus with the strongest connection to the operative facts."  Combs v. Fla. Dep't of Corr., 461 F. Supp. 3d 1203, 1212 (N.D. Fla. 2020).

In this case, all of Plaintiff's alleged damages and rights violations stem from Broward County, Florida, where a court ordered that Plaintiff's daughter, A.G., be removed from Plaintiff's care and returned to her father in Miami, Florida. Dkt. No. 1 at 13, 20; see also id. at 4 (Plaintiff alleging "[t]he illegal, warrantless interstate seizure" of Plaintiff's daughter in McIntosh County, Georgia, was a result of "[e]nforcement of a void *Florida* pick-up order" (emphasis added)). True, as Plaintiff notes, A.G.'s removal occurred at Plaintiff's home, within the Southern District of Georgia. However, A.G.'s removal from Georgia constitutes only a small portion of the saga of events that led to this case. The location with the strongest connection to the facts that give rise to this case is the Southern District of Florida. Combs, 461 F. Supp. 3d at 1212.

### B. Plaintiff's Choice of Forum

The general rule is that a plaintiff has the right to choose the forum in which to pursue a case. "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). However, "the choice of forum is afforded little weight if the majority of the operative events occurred elsewhere." Bell v. Rosen, No. CV214-127, 2015 WL 5595806, at *13 (S.D. Ga. Sept. 22, 2015). "In

those instances, no party is particularly inconvenienced by a transfer." Id. (internal quotations and citation omitted).

While Plaintiff has a legitimate reason for choosing to file her lawsuit in this District—her residence here—her choice is afforded little weight due to the majority of operative events occurring in the Southern District of Florida. The Court concludes the parties would not be inconvenienced by a transfer, and this factor weighs in favor of transfer to the Southern District of Florida.

### C. Convenience of the Parties

With regard to convenience of the parties, Plaintiff alleges only that proceeding in this District is more convenient for *her*. Dkt. No. 1 at 8. Plaintiff fails to address that ten of the fifteen Defendants whose citizenship is alleged in the complaint reside in the Southern District of Florida. Further, Plaintiff's claims against all five Georgia Defendants are likely to fail as a matter of law. To begin, the State of Georgia and the Georgia Division of Family and Children Services are immune from suit under the Eleventh Amendment. McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001); Simonds v. Shearer, No. 3:22-CV-118 (CAR), 2023 WL 274469, at *3 (M.D. Ga. Jan. 18, 2023). Additionally, Plaintiff's claims against McIntosh County Judges Rose and Hendrix are likely barred by judicial immunity. Thomas v. Sweatt, No. 23-10605,

9

2023 WL 7105581, at *1 (11th Cir. Oct. 27, 2023) ("'Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the "clear absence of all jurisdiction."'" (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000))). To be more precise, Plaintiff's conclusory statements that Judges Rose and Hendrix violated her federal rights lack the specificity required to show they acted outside of their jurisdiction. Id. Finally, Plaintiff's claims against the McIntosh County (Georgia) Sheriff's Office likely fail as a matter of law. Brown v. Newton Cnty. Sheriff's Off., 273 F. Supp. 3d 1142, 1161 (N.D. Ga. 2017) ("The Eleventh Circuit has examined Georgia law and concluded that sheriffs' departments are not considered legal entities subject to suit." (citing Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005))). The convenience of the ten Florida Defendants far outweighs the convenience of Plaintiff, and this factor weighs in favor of transfer.

### D. Convenience of the Witnesses & Availability of Process to Compel Their Attendance

For purposes of the convenience-of-witnesses factor, "the focus of the Court's inquiry should be on 'key witnesses,' i.e., those whose knowledge and anticipated testimony is relevant not only to damages, but also to liability." Sarvint Techs., Inc. v. Omsignal, Inc., 161 F. Supp. 3d 1250, 1266 (N.D. Ga. 2015)

10

(citing Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004); McNair v. Monsanto Co., 279 F. Supp. 2d 1290, 1311 (M.D. Ga. 2003)).  "Specifically, the court must determine whether the witnesses have actual knowledge about the issues in the case, where they are located, and whether it will be more convenient for them if the action is in [the Southern District of Georgia] or [the Southern District of Florida]." Id. at 1267 n.9 (citing Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp., 508 F. Supp. 2d 1186, 1190 (S.D. Fla. 2007)). Plaintiff makes no effort to identify key witnesses or their location, and the Court will make no assumptions.  This factor is therefore neutral to transfer.

### E. Location of Documents and Sources of Proof

"Because most records and documents can be stored and transmitted electronically, their location is entitled to little weight."  Combs, 461 F. Supp. 3d at 1210 (quotation marks and citation omitted).  This factor is neutral to transfer.

### F. Relative Means of the Parties

Plaintiff states generally that she is an "indigent litigant."  Dkt. No. 26 at 8.  The Court notes that Plaintiff has moved the Court for leave to proceed in forma pauperis. Dkt. No. 2.  This factor weighs against transfer.

11

**G. Forum's Familiarity with the Governing Law**

This Court and the Southern District of Florida are equally familiar with the federal law governing the claims in this case. However, to the extent Plaintiff's claims rely on Florida state law, the Southern District of Florida is the more convenient forum. Any small amount of Georgia law relevant to this case is easy to discern.

**H. Trial Efficiency and the Interests of Justice**

"In evaluating trial efficiency and interests of justice, the Court looks at whether the case may be resolved more expeditiously in the alternative forum." Spanx, Inc. v. Times Three Clothier, LLC, No. 1:13-CV-710-WSD, 2013 WL 5636684, at *5 (N.D. Ga. Oct. 15, 2013). As discussed supra, this case stems from Broward County, Florida, where a court ordered that Plaintiff's daughter, A.G., be removed from Plaintiff's care and returned to her father in Miami, Florida. Dkt. No. 1 at 13, 20. When considering the "practical problems that make trial of a case easy, expeditious and inexpensive," Moore v. McKibbon Brothers, 41 F. Supp. 2d 1350, 1357 (N.D. Ga. 1998), the Southern District of Florida is the more convenient venue. Further, the Southern District of Florida has a greater interest than this Court in the proceedings of Florida state courts, from which this action arises.

12

**CONCLUSION**

"The purpose of a Section 1404(a) transfer is to promote litigation efficiency by preventing waste of time, energy, resources, and duplication and to deter one-ups-manship filings." Spanx, Inc., 2013 WL 5636684, at *5. After considering all the relevant factors, the Court concludes the convenience factors weigh in favor of transferring this action to the Southern District of Florida, the locus of operative fact. Accordingly, the Clerk is **DIRECTED** to transfer this matter to the Southern District of Florida, Ft. Lauderdale Division.

**SO ORDERED**, this 3rd day of March, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

13