In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10221
_____

In re: KATHRYN STILLWELL DRESSLER,

*Petitioner.*

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Southern District of Georgia
D.C. Docket No. 2:25-cv-00154-LGW-BWC

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

BY THE COURT:

Kathryn Dressler, proceeding pro se, petitions this Court for a writ of mandamus arising out of a civil action she initiated in the U.S. District Court for the Southern District of Georgia. She also moves to proceed in forma pauperis ("IFP") as to her petition. In her petition, Dressler asserts that the district court has failed to rule

2                          Order of the Court                      26-10221

on a series of "emergency" motions that she began filing in December 2025. As relief, she asks that this Court direct the U.S. District Court for the Southern District of Georgia to rule on her motions.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation omitted). Mandamus may be used to direct a district court to decide a pending case when there has been unreasonable delay in rendering a decision. *See Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (persuasive authority holding that a 14-month delay in ruling on a 28 U.S.C. § 2241 petition for no reason other than docket congestion was impermissible).

"[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quotation marks omitted). "[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted).

Here, after Dressler filed her instant mandamus petition, the U.S. District Court for the Southern District of Georgia transferred her case to the U.S. District Court for the Southern District of Florida. Therefore, Dressler's mandamus petition is moot, as this

26-10221                    Order of the Court                         3

Court can no longer provide Dressler meaningful relief as to the purported delay by the U.S. District Court for the Southern District of Georgia in ruling on her motions.

Accordingly, Dressler's mandamus petition is hereby **DISMISSED** as moot, and her IFP motion is **DENIED** as moot.